UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARCUS WILFRED RODGERS,

    Plaintiff,

v.	CASE NO. 3:23-cv-290-JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

## **MEMORANDUM ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a Period of Disability and Disability Insurance Benefits. In a decision dated October 18, 2022, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social Security Act, from March 1, 2018, the alleged disability onset date, through the date of decision. (Tr. 19–33.) Having considered Plaintiff's Complaint,[2] the Commissioner's memorandum, and being otherwise fully advised, the Court

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 9 & 10.)

[2] After filing his initial Complaint (Doc. 1), Plaintiff failed to file a brief. In accordance with this Court's Order (Doc. 12), the Court is deciding this case based on Plaintiff's Complaint alone, along with Defendant's brief (Doc. 13).

concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

## I. Issue on Appeal

Plaintiff is proceeding pro se and raises the following issue in his Complaint on appeal:

> During phone interview the state's expert said that if I required a cane or walker to stand I would not qualify for any of the jobs he found/recommended. I don't think the Commissioner took this in account, because they are saying I still qualify for those jobs, when it says I require a cane for standing as well as walking.

(Doc. 1 at 3.)[3]

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002). Pleadings submitted by a *pro se* plaintiff "are held to a less stringent

---

[3] Plaintiff appears to be referring to his telephonic hearing before the ALJ.

standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

### III.  Analysis

Construing the Complaint liberally, it appears that Plaintiff is arguing that the ALJ failed to consider testimony provided by the vocational expert ("VE") that if Plaintiff required a cane for both standing and ambulation, then that would eliminate the jobs that the ALJ found he could perform. (Doc. 1 at 3); (Tr. 78–82.) The Court rejects this argument because the ALJ did not include the necessity of a cane in the residual functioning capacity ("RFC") assessment. This finding is supported by substantial evidence.

The ALJ found that Plaintiff had the following RFC:

> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he must avoid pushing or pulling of foot controls. He can occasionally climb ramps and stairs. He can occasionally balance and stoop. He must avoid kneeling, crouching, or crawling. He must avoid climbing ropes, ladders, or scaffolds. He must avoid exposure to hazards such as unprotected heights, moving mechanical parts and vibration.

(Tr. 23.)

Although a number of physicians opined that a cane was medically necessary, the ALJ determined that Plaintiff did not require an assistive device for walking or standing. (Tr. 20.) In so finding, the ALJ reasoned that "the physical

exam findings do not support the need for a handheld assistive device." (*Id.*)  The ALJ further noted that:

> [Plaintiff] did have a period where his gait was antalgic. However, records both before and after these findings also note a normal gait without the use of an assistive device and the cane does not appear to be a permanent restriction. Additionally, it is inconsistent with [the doctor's] other findings noting 5/5 grip strength and 5/5 motor strength in both upper and lower extremities.

(Tr. 26.)  As the ALJ observed, the record included a number of physical exams that reported a normal gait and/or no assistive device.  (*See, e.g.*, Tr. 485, 1283, 1565.)  Considering the record as a whole, the ALJ's determination that Plaintiff did not require an assistive device is supported by substantial evidence.  Thus, the VE's testimony in response to questioning by Plaintiff's attorney, that certain jobs would be eliminated if a cane was required, was not determinative.

## IV.     Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ.  Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the Commissioner's decision is due to be affirmed.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate any motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 7, 2023.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Plaintiff

Counsel of Record